RECEIVED
IN ALEXANDRIA, LA.

JAN 19 2010

TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KEVIN REEVES** | : | **DOCKET NO. 08-542** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **PAT TANK, INC., ET AL** | : | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is "Defendant's Motion for Summary Judgment" (doc.# 27) filed by defendant, Pat Tank, Inc.("Pat Tank"). Also before the Court is a "Motion for Summary Judgment" (doc. #34) filed by defendant, Performance Blastings and Coatings, L.P. ("PBC"). Both movers seek a dismissal of all claims made against them by Plaintiff and Intervenor on the grounds that the evidence asserted against these defendants show there is no genuine issue of material fact, and they are entitled to summary judgment as a matter of law.

### FACTUAL STATEMENT

Plaintiff alleges in his petition for damages that on or about March 7, 2007, while working for Firestone Polymers, Inc. ("Firestone") as an Operator on the night shift, he tripped and fell on an exposed, uncovered, hidden, unmarked ground rod causing him to suffer injuries to his knees, hips, neck, back, wrists, hands, and fingers, as well as his body generally.[1] Plaintiff further alleges that the area in question, where the ground rod was located, and the condition complained of was in the full care, custody, and control of the defendants, Pat Tank, Inc., and PBC, during their work

---

[1] ¶¶ 4, 5, and 13 of Petition for Damages, Attachment 1 to Doc. #1.

procedures, and should have been removed upon completion of their work.[2] Plaintiff asserts that one or both of these defendants are directly responsible and/or answerable for who caused and/or allowed the condition complained of in this action to exist.[3]

*Pat Tank, Inc.*

Pat Tank is a refinery tank construction and repair company. During the months of November and December 2006, Pat Tank undertook a new construction project at the Firestone Unit; the project was completed December 24, 2006.

In its "Statement of Material Facts to Which There is No Genuine Issue,"[4] Pat Tank submits the affidavit of Sidney Burge, Jr., an employee of the company and the job foreman of the repair project that took place at the Firestone plant. Mr. Burge declares that the Pat Tank crew worked entirely within the "containment dike" area of the unit;[5] the containment dike area is completely concrete and encircled by a concrete containment wall.[6] Mr. Burge's affidavit further states that Pat Tank did not use ground rods of any sort during the work performed at the Firestone Unit, nor did it use or possess any equipment that would require grounding outside the containment dike area.[7] Reeves left the "containment area" to check on a pump located to the west where he alleges that the

---

[2] *Id.* at ¶ 9.

[3] *Id.*

[4] Doc. #27-1.

[5] Pat Tank exhibit B, aff. of Sidney Burge, Jr.

[6] *Id.*; Pat Tank exhibit C, depo. of Chad Eldridge, p. 49, lines 7-1-.

[7] Pat Tank, exhibit B, aff. of Sidney Burge, Jr.

2

accident occurred.[8] Mr. Burge further states that Pat Tank returned in January 2007 for clean up work which was performed entirely with the use of hand tools and did not involve any sort of equipment that would have required the use of ground rods.[9]

*Performance Blasting and Coatings, L.P.*

In its "Statement of Undisputed Facts," PBC states that it is under contract with Firestone to provide painting and blasting services at the Firestone plant. PBC was assigned to sandblast and paint a tank in "area 100" of the plant which involved the use of an air compressor and blasting pot. PBC believes that Pat Tank fabricated the tank and completed its work at the time PBC began its job assignment. PBC states that it did not bring any ground rods to the Firestone facility. Plaintiff does not dispute this, but asserts that there is testimony that Pat Tank put the ground rod in the ground.[10] PBC further states that it did not have any ground rods in its possession, it was not provided ground rods, and it did not place any grounds rods at any location in the Firestone facility.[11]

PBC admits to using a ground rod near the area of the tank to ground its equipment as required by Firestone.[12] PBC states it does not know who owned the ground rod.[13] PBC completed the "hot work"[14] on February 5, 2007 and upon completion of the work assignment, the area in which PBC was

---

[8] Pat Tank exhibit A, depo. of Kevin Reeves, p. 54, lines 17-18.

[9] Pat Tank exhibit B, aff. of Sidney Burge, Jr.

[10] See Plaintiff's Statement of Uncontested Facts, ¶ 9.

[11] PBC's Statement of Undisputed Facts, ¶ ¶ 5, 6, and 7.

[12] *Id.* ¶ ¶ 8 and 9.

[13] *Id.* ¶ 11.

[14] The court will assume that "hot work" pertains to work performed utilizing equipment or machinery that necessitates the use of a ground rod.

3

working was inspected by Firestone's contract construction supervisor, Michael Pacheco, who accepted the condition of the area.[15]

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[16] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[17] A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[18] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[19] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[20] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[21] There

---

[15] *Id.* ¶¶ 12 and 13.

[16] Fed. R.Civ. P. 56(c).

[17] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

[18] *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999).

[19] *Vera v. Tue*, 73 F.3d 604, 607 (5th Cir. 1996).

[20] *Anderson*, 477 U.S. at 249.

[21] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[22] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[23]

## LAW AND ANALYSIS

Louisiana' duty-risk analysis governing negligence claims require that the plaintiff prove: (1) that the conduct in question was the cause-in-fact of the resulting harm; (2) the defendant owed a duty of care to the plaintiff; (3) the requisite duty was breached by the defendant, and (4) the risk of harm was within the scope of the protection afforded by the duty breached.[24]

*Pat Tank*

Pat Tank maintains that Reeves cannot prove that its conduct was the cause-in-fact of his resulting injury because Pat Tank never utilized any ground rods during the entire construction project. Moreover, Pat Tank argues that since the ground within the containment dike area is completely concrete, and the Pat Tank crew worked entirely within the containment dike area, it is not possible for Pat Tank to have inserted a grounding rod in this area. Furthermore, Pat Tank maintains that the area Reeves described as where he fell was outside the containment dike area.

*PBC*

PBC argues that because it did not create the condition that caused the injury, it cannot be held liable. The Court notes that there is a dispute as to whether Pat Tank actually placed the ground rod in area 100; there is no dispute that PBC did not place the ground rod in area 100. There is no dispute

---

[22] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[23] *Anderson*, 477 U.S. at 249-50.

[24] *Perkins v. Entergy Corp.*, 782 So.2d 606, 611 (La.3/23/01).

that PBC used the ground rod that allegedly caused Reeves' fall; PBC assumed the rod belonged to Firestone. PBC remarks that the incident happened over a month after PBC had performed "hot work" in that area, and after the area had been inspected by Michael Pacheco, an employee of ReCon Engineering,[25] a company contracted by Firestone to supervise all maintenance and capital projects at the Firestone plant. PBC asserts that it is undisputed that it was not the owner of the ground rod, nor did it place the ground rod in the location where plaintiff was injured. PBC argues that it owed no duty to Plaintiff, and that it cannot be held liable for using the ground rod over a month before plaintiff's injuries. PBC relies on *Lafont v. Chevron, U.S.A., Inc.*,[26] wherein the court held that an independent contractor owes an obligation toward third persons to refrain from creating a hazardous condition.[27] PBC maintains that it was Pat Tank who owed the duty because Pat Tank created the hazardous condition by placing the ground rod in area 100, and that PBC's later use of the ground rod, coupled with Mr. Pacheco's inspection of the area when the job was complete, imposes no duty on PBC towards Plaintiff. To further buttress their position, PBC cites *Scholl v. Ingargolia*,[28] wherein the court held that "an independent contractor is not liable for injuries to a third person, occurring

---

[25] On October 16, 2009, Plaintiff filed a "Second Amending and Supplemental Petition for Damages", adding Recon Management Services, Inc. and Recon Engineering, Inc. as Defendants.

[26] 593 So.2d 416 (La.App. 1 Cir. 12/27/91).

[27] *Ortego v. State Bank and Trust Company of Golden Meadow*, 316 So.2d 826 (La.App. 1st Cir.), *writ denied*, 320 So.2d 914 (La.1975); *Johnson v. Fred H. Moran Construction Co.*, 289 So.2d 323 (La.App. 1st Cir. 1973), *write refused*, 293 So.2d 171 (La.1974). See also *LeBleu v. Dynamic Industrial Constructors, Inc.*, 526 So.2d 1184 (La.App. 3rd Cir.), *writ denied*, 528 So.2d 154 (La.1988)(an employee of an independent contractor acted unreasonably and created an unreasonable risk of harm resulting in injury to an employee of another company who had volunteered to assist in moving an office trailer, when he attempted to hitch the trailer to his truck using only a pry bar).

[28] 180 So. 462 (La.App. Orleans 4/18/38).

after the contractor has completed the work and turned it over to the owner or employer and the same has been accepted by him. . . ." Furthermore, PBC cites jurisprudence that a landowner (such as Firestone) owes a duty to plaintiff to discover any unreasonably dangerous condition, and to either correct the condition or warn of its existence.[29]

Firestone who opposes the motion for summary judgment maintains that PBC is liable because PBC used the ground rod without permission, and that PBC had an obligation as an independent contractor to remove the ground rod after using it because it was a hazardous condition. Firestone fails to cite any case law or authority as to how PBC can be held liable for not removing a piece of equipment that it did not own, and after Firestone personnel inspected the area and found it acceptable. Firestone maintains that at the very least, PBC should be held partially liable under the theory of comparative fault because PBC failed to remove the ground rod after using it.

Reeves has submitted "Disputed Facts" along with deposition testimony and an affidavit wherein he asserts that (1) Pat Tank was the owner of the ground rod placed at the location of Reeves' trip and fall incident,[30] (2) Pat Tank placed the ground rod at the location where Reeves tripped and fell,[31] (3) Pat Tank and PBC used the ground rod at the location of Reeves' accident.[32]

---

[29] *Dauzat v. Curnest Guillot Logging, Inc.*, 995 So.2d 1184 (La.2008) citing *Socorro v. City of New Orleans*, 579 So.2d 931 (La.1991); *Shelton v. Aetna Casualty & Surety Co.*, 334 So.2d 406, 410 (La.1976)(landowner owes duty to discover any unreasonably dangerous condition on premises and to either correct condition or warn of its existence).

[30] Reeves' exhibit 4, depo. of Pacheco, p.43.

[31] *Id.*; depo. of Pacheco, p. 17, lines 9-24 attached to PBC's motion for summary judgment.

[32] Reeves' exhibit 6-A, p. 16, exhibit 21-A, p. 17, exhibit 26, pp. 33-34; Statement of Undisputed Facts by PBC, ¶; depo. of Pacheco, p. 16, lines 21-22, attached to PBC's motion for summary judgment.

Reeves maintains that both Pat Tank and PBC had an obligation, or duty, as subcontractors performing work on the Firestone premises to remove all equipment and materials which they utilized on the premises, and after their work was complete, to make certain that area was safe. Reeves argues that these Defendants had actual control of the ground rod which they both utilized. Reeves further argues that had either Defendant removed the ground rod, Reeves' accident and subsequent injuries would not have occurred. Furthermore, both Defendants knew that a dangerous condition existed and failed to take steps to advise Plaintiff's employer of the condition and failed to warn Plaintiff of the tripping hazard.

Reeves cites *Ortego v. State Bank and Trust Co. and Golden Meadow*,[33] to support his theory that a contractor owes an obligation to third parties to refrain from creating a hazardous condition. Reeves also relies on Louisiana Civil Code article 2315 which provides that "[e]very act whatever of man that causes damage to another obliges him by whose fault it happened, to repair it."

Reeves contends that the liability of these Defendants depends on a determination of whether either party acted unreasonably in failing to protect persons from the harm resulting from this known risk.[34] Consequently, Reeves argues that there is a genuine issue of material fact which must be decided at a trial on the merits.

Intervenor, Firestone, maintains that there are genuine issues of material facts for trial for essentially the same reasons as Reeves, but further argues that the ground rod was left unattended and

---

[33] 316 So.2d 826 (La.App. 1st Cir. 1975) citing *Johnson v. Fred H. Moran Const. Co.,* 289 So.2d 323 (La.App. 1st Cir. 1982)( there is a duty on the part of a subcontractor to refrain from creating a potential danger or to permit an unsafe condition to remain on the premises upon which such subcontractor is working where it is known that the premises are in use by either the general public or employees of the owner).

[34] Citing *Kent v. Gulf States,* 418 So.2d 493 (La.1982).

unprotected with no notification of its presence in the ground. Firestone also argues that after their work was completed, both Pat Tank and PBC had an obligation as subcontractors performing work on the Firestone premises to remove all equipment and materials they used on the Firestone premises which did not belong to Firestone, and to make certain the area was safe.

In its response, PBC maintains that Reeves has failed to establish a duty owed by PBC to remove the ground pipe. PBC argues that it is the duty of the landowner, Firestone, to discover any unreasonably dangerous condition and to either correct the condition or warn of its existence.[35] PBC further argues that to the extent PBC owed anyone a duty, its duty ended when its work was finished and the job was submitted, inspected and accepted by Firestone.[36]

Pat Tank responds by repeating its earlier statement that it did not use a ground rod for its welding equipment because its work was performed within an enclosed, fully concreted area.[37] Pat Tank reiterates that Pacheco, an employee of the contractor responsible for inspecting the work area, testified that he did not know whether the rod was there preceding Pat Tanks' work or not.[38] His deposition testimony reveals that he speculated that Pat Tank placed the ground rod in that particular location.[39] Pacheco's testimony to the effect that Pat Tank placed the rod in that location is based solely on his recollection that Firestone, to his knowledge has never used that type of rod before. The

---

[35] Citing *Dauzat v. Curnest Guillot Logging, Inc.*, 995 So.2d 1184 (La.2008).

[36] The maintenance department at Firestone is responsible for inspecting a construction site area after a contractor's work is complete. Pacheco depo., p. 20, lines 11-19 attached to PBC's motion for summary judgment.

[37] Pat Tank exhibit B, aff. of Sidney Burge.

[38] Reeves exhibit, 21-A, Pacheco depo., pp. 17-18 & 27.

[39] Pacheco depo. pp. 17-18 attached to PBC's motion for summary judgment.

Court does not consider such speculative testimony as competent summary judgment evidence and rejects it in its entirety. The Court finds that there is no competent summary judgment evidence to rebut the testimony of Mr. Burge or otherwise establish that Pat Tank installed the ground rod at its location at the time of the accident.

Pat Tank further argues that even assuming that Pat Tank used the ground rod, then it is in no different position than its co-defendant, PBC. Pat Tank then adopts PBC's argument that there is no showing of facts establishing any duty of Pat Tank or PBC to remove the rod. Pat Tank argues that both contractors completed their work, which work was inspected by and accepted by Firestone, and that neither party owns the rod in question, nor knows how it got there. Therefore, neither owes a duty to Reeves.

Plaintiffs have failed to provide this Court with any case law or other authority that establishes a duty imposed on an independent contractor after he has completed a project, left the work-site, and after the landowner has inspected the work site and accepted the work-site, as is. Thus, the Court concludes that once an independent contractor has left a work-site and the landowner has inspected the work-site and accepted it, as is, the contractor's duty ceases to exist. Furthermore, the Court finds that there is no evidence that either of these defendants was responsible for the placement of the ground rod.

## CONCLUSION

Based on the foregoing, the motions for summary judgment filed by both Pat Tank Inc. and Performance Blasting and Coatings, L.P. will be granted, dismissing these defendants, with prejudice. Furthermore, the Court determines that there is no just reason for delay and will direct entry of final judgment under rule 54(b) of the Federal Rules of Civil Procedure.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 19th day of January, 2010.

*[signature]*
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE